UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LANCE ADAM GOLDMAN,

        Plaintiff,

v.

PAUL J. BRIDENSTEIN,

        Defendant.

_____/

Case No. 2:18-cv-143

Honorable Gordon J. Quist

## **OPINION**

This is an action for writ of mandamus under 28 U.S.C. § 1361. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

### **Discussion**

#### I.     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Plaintiff sues Kalamazoo County Circuit Judge Paul J. Bridenstein.

Plaintiff alleges that, on December 1, 2017, he filed a motion for reconsideration of the Defendant's denial of Plaintiff's motion for relief from his judgment of sentence. On December 7, 2017, Plaintiff filed a motion to supplement the motion for reconsideration. Defendant granted the motion to supplement on December 8, 2017. Plaintiff complains that, despite the passage of nine months since his filings, Defendant has not yet decided the motion for reconsideration. Plaintiff contends that he is precluded from filing a complaint or petition for writ of mandamus in the Michigan appellate courts, because he has an outstanding balance from an earlier appeal, and is unable pay the appellate filing fee. (*See* Mich. Ct. App. Order, Attach. B to Pet., ECF No. 1-1, PageID.26 (denying leave to proceed without payment of filing fee).) Plaintiff asks this Court to grant his petition for writ of mandamus and to compel the Defendant to decide Plaintiff's motion for reconsideration of the denial of Plaintiff's motion for relief from judgment.

II.     **Analysis**

Title 28 U.S.C. § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, the Court may not maintain jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 1361.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Because Plaintiff's request for a writ of mandamus lacks an arguable basis in law, it will be dismissed with prejudice as frivolous. *See Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Topsidis v. State*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming

dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *Haggard*, 421 F.2d at 1384, 1386 (affirming dismissal of mandamus action because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); *Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint for writ of mandamus will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: November 2, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

3